## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| CAROL GAYLOR, an individual, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| UNITED COMMUNITY BANKS, INC., a Georgia Corporation, | ) ) ) ) |
| Defendant. | ) ) ) |

CASE NO.:

## COMPLAINT

Plaintiff, CAROL GAYLOR, through her undersigned counsel, hereby files this Complaint and sues UNITED COMMUNITY BANKS, INC., a Georgia Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, CAROL GAYLOR, (hereinafter referred to as "MRS. GAYLOR"), is a resident of White County, Georgia.[1]

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[2]

6. Defendant UNITED COMMUNITY BANKS, INC., a Georgia Corporation, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is

---

[1] Mrs. Gaylor splits her time between a residence in St. Johns County, Florida and White County, Georgia.
[2] Plaintiff is capable of walking short distances without assistance on good days.

the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, a large bank branch generally located at 153 E Kytle St, Cleveland, GA 30528.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, White County, Georgia.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, which includes a United Community Bank, is open to the public and provides goods and services to the public.

10. MRS. GAYLOR has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property. She last visited in mid-August of 2024, and is a current account holder at the bank.

11. However, while at the Property, MRS. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers more fully discussed below.

12. MRS. GAYLOR intends to continue to use the banking services at the Property because she is an account holder, it is conveniently located and she is familiar with the bank, but fears that she will continue to experience serious

difficulty and unequal treatment due to the barriers discussed herein, which still exist.

13. MRS. GAYLOR plans to and will visit the Property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

> A. Plaintiff encountered inaccessible parking spaces intended for disabled use near the front entrance of the bank due to pavement in disrepair, faded paint markings on the ground, lack of ADA signage to identify the spaces as exclusively for disabled use and inadequately narrow access aisle dimensions. These conditions made it difficult and dangerous for Plaintiff to utilize the parking lot and increased her risk of a fall while getting into and out of her vehicle.
>
> B. Plaintiff encountered an inaccessible curb ramp directly in front of the main entrance because it protrudes out into the lane of vehicular traffic causing a dangerous condition for disabled

pedestrians including the Plaintiff. Additionally, the curb ramp has steep slopes, steep side flares and lacks a level landing. These conditions increased Plaintiff's risk of a fall and required that she use extra caution maneuvering over the ramp and to avoid passing vehicular traffic.

      C.    Plaintiff encountered inaccessible sidewalk routes from the ADA parking spaces to the main entrance due to pavement in disrepair, gaps in the pavement and a large excessively steep ramp which leads up to the entry doors. These conditions made it difficult for Plaintiff to maneuver to the Property entrance and increased her risk of a fall.

15.    Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16.    Independent of her intent to return as a patron to the Property because she is an account holder, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment UNITED COMMUNITY BANKS, INC., and requests the following injunctive and declaratory relief:

- A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

- B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

- C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

- D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the

Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

        Respectfully Submitted,

        KU & MUSSMAN, P.A.
        18501 Pines Blvd, Suite 362
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976

By: */s/ John A. Moore*
    John A. Moore, Esq.
    Georgia Bar No.: 519792
    Of Counsel
    The Moore Law Group, LLC
    1745 Martin Luther King Jr., Drive
    Atlanta, GA 30314
    Tel.: (678) 288-5601
    Fax: (888) 553-007
    Email: jmoore@moorelawllc.com
    *Attorney for Plaintiff*